UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
THE TRUSTEES OF THE UNITED TEAMSTER
FUND and THE TRUSTEES OF THE UNITED
TEAMSTER PENSION FUND,

                              Plaintiffs,                      REPORT AND
                                                              RECOMMENDATION
   -against-
                                                              CV 08-4926 (JS) (ETB)

PHOENIX LABORATORIES, INC., EVERGOOD
PRODUCTS CORPORATION, GREAT EARTH
COMPANIES, INC., GREAT EARTH DISTRIBUTION,
INC., GREAT EARTH INTERNATIONAL
FRANCHISING CORP., BODYONICS, LTD.,
CYENCE LABS, INC., CYTODYNE, LLC, JOHN
DOE, EXECUTOR OF THE ESTATE OF MELVIN
RICH, STEPHEN STERN, CHARLOTTE RICH and
HALLIE RICH,

                              Defendants.
------------------------------------------------------------------------x

TO THE HONORABLE JOANNA SEYBERT, United States District Judge:

        The plaintiffs, the Trustees of the United Teamster Fund and the Trustees of the United Teamster Pension Fund (the "Trustees"), brought this action against the defendants, pursuant to the Multiemployer Pension Plan Amendments Act of 1980 ("MPPAA"), as amended, 29 U.S.C. § 1381, et seq. and Sections 502, 515 and 4301 of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§ 1132, 1145, and 1451, seeking to collect unpaid withdrawal liability, as well as unpaid employee benefit contributions, interest, liquidated damages and attorney's fees and costs owed by defendants. Plaintiffs request damages in the amount of $1,107,159.11.

FACTS

This action arises out of the defendants' failure to comply with a settlement agreement entered in a related action, Trustees of the United Teamster Fund v. Phoenix Laboratories, Inc., CV 07-1761 (E.D.N.Y.), which was commenced in 2007 (the "Underlying Action"). (Am. Compl. ¶ 29.) In that action, defendant Phoenix Laboratories, Inc. ("Phoenix") and its corporate parent, defendant Evergood Products Corporation ("Evergood"), failed to remit the required employee benefit contributions to the United Teamster Fund and the United Teamster Pension Fund (the "Funds") for the period January 2007 through May 2007. (Am. Compl. ¶ 30.) The individual defendants herein were named as parties in the Underlying Action as well. (Am. Compl. ¶ 30.)

By Stipulation and Order of Settlement, dated August 14, 2007, the parties settled the Underlying Action and a Confession of Judgment in the amount of $360,000 was entered in favor of the Funds. (Am. Compl. ¶¶ 31-32.) Pursuant to the Stipulation and Order of Settlement, Phoenix and Evergood were to repay the money owed in various installments and were obligated to timely pay all future fringe benefit contributions. (Am. Compl. ¶ 33.) The Stipulation and Order of Settlement further provided that in the event of an uncured default, Phoenix and Evergood were jointly and severally liable for all reasonable costs and attorney's fees incurred in connection with any enforcement of the Confession of Judgment. (Am. Compl. ¶ 34.) The parties agreed that the Confession of Judgment would be held in escrow by the Funds' counsel and would not be entered with the New York Supreme Court in Suffolk County unless an uncured default by defendants occurred. (Am. Compl. ¶ 32.)

Thereafter, Phoenix failed to remit its required employee benefit contributions for the

month of April 2008, thereby defaulting under the Stipulation and Order of Settlement entered in the Underlying Action. (Am. Compl. ¶¶ 35-36; Tr. 12.) The Funds notified Phoenix of its default by letter dated April 10, 2008. (Am. Compl. ¶ 37.)

On May 7, 2008, after Phoenix failed to cure its default under the Stipulation and Order of Settlement, plaintiffs entered the Confession of Judgment against Phoenix and Evergood in the New York Supreme Court in Suffolk County in the amount of $128,225, which represented the settlement amount of $360,000, minus $232,000 in payments previously made, plus costs in the amount of $225. (Am. Compl. ¶ 38.) On or about July 24, 2008, the Funds, through the Suffolk County Sheriff's Office, recovered an additional $38,411.23. (Am. Compl. ¶ 39.) These funds were seized from seven bank accounts maintained by Phoenix and Evergood. (Am. Compl. ¶ 39.) A balance of $89,798.27[1] remains due and owing on the Confession of Judgment, (Am. Compl. ¶ 40); however, because it is not requested in the ad damnum clause of the Amended Complaint or in the plaintiffs' inquest submission, it is not included in the recommendation herein.

In or about April 2008, Phoenix entered into an Asset Purchase Agreement with another entity for a purchase price of $1,000,000. (Am. Compl. ¶ 41.) As a result of this sale, Phoenix engaged in a complete withdrawal from the Funds, obligating it to pay withdrawal liability in the amount of $962,746. (Am. Compl. ¶ 56-57; Tr. 6-7; Pl. Ex. 1.) Although demand was made for the unpaid withdrawal liability, no payment was ever received by the Funds. (Tr. 13-14; Pl. Ex. 1.)

---

[1] This number mathematically computes to $89,813.77. However, I have used the specific amount set forth in the Amended Complaint - $89,798.27 - since this number is controlling in a default.

The Funds commenced the within action on December 8, 2008 against various corporate and individual defendants, seeking to recover the unpaid withdrawal liability, the unpaid post-settlement employee benefit contributions for April 2008 and the costs and attorney's fees incurred in enforcing the Confession of Judgment. The Funds also seek interest and liquidated damages, as provided for under ERISA. The individual defendants reached settlement agreements with the Funds and have been terminated from this action.

With respect to the corporate defendants, plaintiffs allege that they were all under "common control" within the meaning of 29 U.S.C. § 1031(b)(1) and therefore jointly and severally liable to the Funds for Phoenix's withdrawal liability. (Am. Compl. ¶ 58.) None of the corporate defendants filed an Answer or otherwise appeared in the within action. By motion dated August 19, 2009, plaintiffs moved for a default judgment against defendants Phoenix, Evergood, Great Earth Companies, Inc., Great Earth International Franchising Corporation, Cyence Labs, Inc. and Cytodyne, LLC. The Clerk of the Court certified the default of the foregoing defendants on September 15, 2009 and Judge Seybert referred the action to the undersigned for a recommendation as to whether a default judgment should be entered and what, if any, damages plaintiffs should be awarded.[2]

An inquest before the undersigned was held on January 14, 2010. None of the defendants appeared at the inquest.

---

[2] It is unclear what the status of the remaining corporate defendants is - Great Earth Distribution, Inc. and Bodyonics, Ltd. Although neither corporate entity has appeared in the within action, the plaintiffs did not move for default with respect to these entities. Nor does it appear from the docket sheet that they have been terminated from this action in any way.

## DISCUSSION

I.  Default Judgment

When a party fails to appear or defend an action by an adverse party, a default may be entered against the non-moving party. See Fed. R. Civ. P. 55. After entry of the default, "a defendant is deemed to have admitted all of the well-pleaded allegations raised in the complaint pertaining to liability." Time Warner Cable of N.Y. v. Rivera, No. 99-2339, 1995 WL 362429, at *2 (E.D.N.Y. June 8, 1995); see also Time Warner Cable of N.Y. v. Barbosa, No. 98-3522, 2001 WL 118606, at *5 (S.D.N.Y. Jan. 2, 2001) (quoting Transworld Airlines, Inc. v. Hughes, 449 F.2d 51, 63 (2d Cir. 1971)). Damages, however, must be proven, usually "at an evidentiary proceeding at which the defendant is afforded the opportunity to contest the amount claimed." Rivera, 1995 WL 362429, at *2 (citing Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp., 973 F.2d 155, 158 (2d Cir. 1993)). Plaintiffs are "entitled to all reasonable inferences from the evidence [they] offer[]." Cablevision Sys. New York City Corp. v. Lokshin, 980 F. Supp. 107, 112 (E.D.N.Y. 1997) (citing Au Bon Pain Corp. v. Artect, Inc., 653 F.2d 61, 65 (2d Cir. 1981)).

Plaintiffs commenced the within action on December 8, 2008 and filed an Amended Complaint on June 17, 2009. A copy of both the Complaint and the Amended Complaint was served upon all of the corporate defendants via the Secretary of State of the State of New York on December 17-18, 2008 and July 1, 2009, respectively. On September 15, 2009, the Clerk of the Court certified that none of the corporate defendants had answered the Amended Complaint or otherwise appeared in this action. Nor did any of the corporate defendants appear at the inquest held before the undersigned on January 14, 2010. Moreover, the corporate defendants failed to appear at the initial conference before the undersigned on June 11, 2009.

Based on the foregoing, I recommend that a default judgment be entered against defendants Phoenix Laboratories, Inc., Evergood Products Corp., Great Earth Companies, Inc., Great Earth International Franchising Corp., Cyence Labs, Inc. and Cytodyne, LLC.

II.   ERISA and the MPPAA

ERISA requires every employer who enters into a collective bargaining agreement to make those contributions "in accordance with the terms and conditions of such plan or such agreement." ERISA, 29 U.S.C. § 1145. Trustees of such plans have a fiduciary duty to safeguard the employees' funds under the common law of trusts as well as ERISA. See Central States, S.E. and S.W. Areas Pension Fund v. Cent. Transp., Inc., 472 U.S. 559, 569-71 (1985). To ensure that employers will make their contributions in a timely manner, Section 502(g)(2) of ERISA provides for additional monies to be paid by delinquent employers. See Iron Workers Dist. Council v. Hudson Steel Fabricators & Erectors, 68 F.3d 1502, 1506 (2d Cir. 1995). Section 502(g)(2) of ERISA provides, in pertinent part:

> In any action . . . by a fiduciary for or on behalf of a plan to enforce section 1145 of this title in which a judgment in favor of the plan is awarded, the court shall award the plan - (A) the unpaid contributions, (B) interest on the unpaid contributions, (C) an amount equal to the greater of - (i) interest on the unpaid contributions, or (ii) liquidated damages provided under the plan not in excess of 20 percent . . . of the amount determined by the court under subparagraph (A), (D) reasonable attorney's fees and costs of the action, to be paid by the defendant.

29 U.S.C. § 1132(g)(2).

"The MPPAA was enacted in 1980 based on Congressional and agency findings that 'ERISA did not adequately protect plans from the adverse consequences that resulted when

-6-

individual employers terminate their participation in, or withdraw from, multiemployer plans." Amalgamated Lithographers of Am. Lithographic Indus. Pension Plan v. Unz & Co., Inc., No. 08 Civ. 7046, 2009 U.S. Dist. LEXIS 108324, at *13 (S.D.N.Y. Nov. 3, 2009) (quoting Pension Benefit Guar. Corp. v. R.A. Gray & Co., 467 U.S. 717, 722 (1984)). The MPPAA was "designed to reduce the incentive for employers to withdraw from multiemployer plans and to lessen the impact and burdens on plans when employers do withdraw." Amalgamated Lithographers, 2009 U.S. Dist. LEXIS 108324, at *13 (citing cases). "To that end, the MPPAA 'requires that an employer withdrawing from a multiemployer pension plan pay a fixed and certain debt to the pension plan,'" referred to as withdrawal liability. Amalgamated Lithographers, 2009 U.S. Dist. LEXIS 108324, at *13 (quoting Gray, 467 U.S. at 725). The withdrawal liability represents "the employer's proportionate share of the plan's 'unfunded vested benefits,' calculated as the difference between the present value of vested benefits and the current value of the plan's assets." Gray, 467 U.S. at 725.

III.   Calculation of Damages

   A.   Unpaid Withdrawal Liability

Based on the testimony and the documents provided in connection with the inquest held on January 14, 2010, the undersigned finds that the unpaid withdrawal liability due and owing by Phoenix is $962,746.[3] Because a default judgment renders all of the well-pleaded allegations of the Amended Complaint admitted, plaintiffs' allegations concerning the "common

---

[3] Although both the Amended Complaint and Plaintiffs' Statement of Damages assert that the unpaid withdrawal liability is $962,748, the testimony and the documentary evidence introduced at the inquest establish that the amount is actually $962,746. (Tr. 6-7; Pl. Ex. 1.)

control" of the corporate defendants, (Am. Compl. ¶¶ 73-76), should be deemed true and all of the defaulting defendants should be held liable for the unpaid withdrawal liability.

Accordingly, I recommend that plaintiffs be awarded $962,746 in unpaid withdrawal liability, to be entered jointly and severally against all of the defaulting defendants.

### B. Unpaid Contributions

Barry Reich, the acting Administrator and the Controller of the United Teamster Fund, testified that although contractually required to make certain employee benefit contributions to the Funds pursuant to its collective bargaining agreement, Phoenix failed to make the required contributions for April 2008. (Tr. 11-12.) The amount of delinquent contributions due and owing for April 2008 is estimated to be $34,500. (Tr. 12.) Because Phoenix did not submit the required employer contribution reports for April 2008, the Funds were forced to estimate the amount due and owing for that month based on the remittance reports submitted for March 2008. (Tr. 12.)

Accordingly, I recommend that plaintiffs be awarded $34,500 in unpaid contributions, solely with respect to defendant Phoenix.

### C. Interest

Pursuant to Section 502(g) of ERISA, plaintiff is entitled to interest on the unpaid withdrawal liability. See 29 U.S.C. § 1132(g)(2)(B). Plaintiffs seek interest at a rate of four percent (4%) per annum, pursuant to 26 U.S.C. § 6621, due to the fact that the collective bargaining agreement does not specify a specific interest rate. (Tr. 13; Silberstein Aff. ¶¶ 80-81.) Accordingly, I recommend that plaintiffs be awarded the interest sought in the amount of $2,300. (Silberstein Aff. ¶ 81.)

D.  Liquidated Damages

ERISA provides that the Plaintiffs are entitled to liquidated damages in the amount of twenty percent (20%) of the unpaid contributions.  See 29 U.S.C. § 1132(g)(2)(C).  This amounts to $6,900 in liquidated damages and I recommend that plaintiffs be awarded that amount.  (Silberstein Aff. ¶ 82.)

E.  Post-Judgment Interest

28 U.S.C. § 1961 states that "[i]nterest shall be allowed on any money judgment in a civil case recovered in a district court."  28 U.S.C. § 1961(a).  The very language of 28 U.S.C. § 1961 ensures that an award of post-judgment interest is mandatory in any civil case where money damages are recovered.  See 28 U.S.C. § 1961(a) (stating that "[i]nterest *shall* be allowed") (emphasis added); see also Lewis v. Whelan, 99 F.3d 542, 545 (2d Cir. 1996) ("The award of post-judgment interest is mandatory on awards in civil cases as of the date judgment is entered."). "Such interest shall be calculated from the date of entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment."  28 U.S.C. § 1961(a).  This interest is to be "computed daily to the date of payment."  Id. § 1961(b).

Accordingly, I recommend that plaintiffs be awarded post-judgment interest on their monetary award, to be calculated pursuant to 28 U.S.C. § 1961

F.  Attorney's Fees

Section 502(g) of ERISA, as well as the Stipulation and Order of Settlement entered in the Underlying Action, allow plaintiffs to recover their reasonable attorney's fees and

costs. See 29 U.S.C. § 1132(g)(2)(D). Attorney's fees should be "documented by contemporaneously created time records that specify, for each attorney, the date, the hours expended, and the nature of the work done." Kirsch v. Fleet St., Ltd., 148 F.3d 149, 172 (2d Cir. 1998).

Here, plaintiffs initially requested an award of $93,305 in attorney's fees. When questioned at the inquest as to the allocation of these fees among the various defendants, plaintiffs' counsel admitted that the fees had not been allocated or reduced to account for the individual defendants with whom plaintiffs reached a settlement earlier in this action. (Tr. 17-18.) Rather, plaintiffs were seeking to recover the entire amount of attorney's fees incurred from the defaulting defendants.

Plaintiffs were afforded the opportunity to make a supplemental submission regarding the allocation of their attorney's fees and expenses. (Tr. 18-19.) By letter dated February 1, 2010, plaintiffs submit that a total of $15,212.50 should be reduced from the amount of attorney's fees requested to account for time spent with respect to the individual defendants. (Letter from Silberstein, M., dated Feb. 1, 2010, at 2.) The total amount of attorney's fees now sought is $78,092.50. (Id. at 2.)

Plaintiffs' supplemental submission is wholly inadequate. Plaintiffs simply deduct certain hours that they assert were expended with respect to the individual defendants without any explanation whatsoever. Nor do plaintiffs allocate their fees among the defaulting defendants in any way, simply asserting that all are liable for the total amount. However, as discussed supra, plaintiffs incurred certain fees with respect to enforcement of the Confession of Judgment against Phoenix and Evergood, which do not relate to the recovery of unpaid

withdrawal liability or delinquent contributions. Moreover, as noted above, there are two defendants for whom no default judgment has been sought and whose status remains completely unexplained.

Based on the foregoing, I recommend that the total amount of attorney's fees incurred - $93,305 - be divided by the number of defendants named in the action - twelve - and that plaintiffs only be awarded the amount of attorney's fees attributable to the defaulting defendants, of which there are six. When such calculations are performed, the amount of attorney's fees amounts to $7,775.42 per defendant. Accordingly, I recommend that plaintiffs be awarded that amount for each of the six defaulting defendants, amounting to a total award of $46,652.52.

G. Costs

As stated above, ERISA permits the recovery of plaintiffs' reasonable costs as well. See 29 U.S.C. § 1132(g)(2)(C). Plaintiffs submitted an itemized list of expenses in the amount of $7,406.11. (Silberstein Aff., Ex. I.) The costs incurred pertain to filing fees, subpoena fees, photocopies, postage, process server fees, and transcripts, all of which I find reasonable. However, although directed to do so, plaintiffs failed to allocate the expenses incurred with respect to each of the defendants.

Accordingly, I recommend that the same formula suggested above with respect to attorney's fees be used to calculate plaintiffs' reasonable expenses. When divided among the twelve defendants, the amount of expenses equals $617.18 per defendant. I recommend that plaintiffs be awarded that amount for each of the six defaulting defendants, for a total award of $3,703.08.

RECOMMENDATION

For the foregoing reasons, I recommend that a default judgment be entered against defendants Phoenix Laboratories, Inc., Evergood Products Corp., Great Earth Companies, Inc., Great Earth International Franchising Corp., Cyence Labs, Inc. and Cytodyne, LLC and that plaintiffs be awarded the unpaid withdrawal liability in the amount of $962,746, to be entered jointly and severally against all defaulting corporate defendants. I further recommend that additional damages be awarded as follows: (1) delinquent contributions in the amount of $34,500; (2) interest in the amount of $2,300; (3) liquidated damages in the amount of $6,900 (for a total amount of $43,700), and, (4) post-judgment interest, to be calculated pursuant to 28 U.S.C. § 1961, all of which are to be entered solely against Phoenix Laboratories, Inc.

Finally, I recommend that plaintiffs be awarded attorney's fees jointly and severally in the amount of $7,775.42 against each defaulting corporate defendant and costs in the amount of $617.18 per defaulting defendant (a total of $8,392.60 each), for a total fee award of $50,355.60. The total monetary award recommended amounts to $1,056,801.60, plus post-judgment interest.

OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Any written objections to this Report and Recommendation must be filed with the Clerk of the Court, with a copy to the undersigned, within fourteen (14) days of service of this Report. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 72(b). Failure to file objections within fourteen (14) days will preclude further appellate review. Thomas v. Arn, 474 U.S. 140, 145 (1985); IUE AFL-CIO Pension Fund v. Herrmann, 9 F.3d 1049, 1054 (2d Cir. 1993); Frank v. Johnson, 968 F.2d 298, 299-300 (2d Cir. 1992).

Plaintiffs' counsel is directed to serve a copy of this Report and Recommendation on all parties upon receipt.

**SO ORDERED:**

Dated: Central Islip, New York
March 4, 2010

/s/ E. Thomas Boyle
E. THOMAS BOYLE
United States Magistrate Judge